UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCHELLE BAILEY,<br>    Plaintiff, | : | CIVIL NO. 3:03CV300 (MRK) |
| | : | |
| V. | : | |
| | : | |
| WINKLE BUS COMPANY,<br>    LAURIE WINKLE,<br>        in her individual and official capacities,<br>AND<br>    CRAIG WINKLE,<br>        in his individual and official capacities,<br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | DECEMBER 22, 2003 |

### ANSWER TO SECOND AMENDED COMPLAINT

The Defendants, Winkle Bus Company, Laurie Winkle and Craig Winkle, (hereinafter "Winkle Bus") hereby answer the Plaintiff's Second Amended Complaint as follows:

### PRELIMINARY STATEMENT

1.  Paragraph 1 states legal conclusions to which no answer is required. Without waiving the fact that no answer is required, Winkle Bus denies the allegations in paragraph 1.

2.  Winkle Bus admits that Marchelle Bailey is the Plaintiff. As to the remaining allegations set forth in paragraph 2, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

3.  Winkle Bus admits that Winkle Bus Company is a corporate entity organized under the laws of the State of Connecticut with principal places of business in Milford and West Haven, Connecticut. Winkle Bus denies any and all remaining allegations in paragraph 3.

4.  Winkle Bus admits that Laurie Winkle is an Officer of Winkle Bus Company. As to the remaining allegations set forth in paragraph 4, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

5.  Winkle Bus admits that Laurie Winkle is a citizen of the United States and a resident of the State of Connecticut.

6.  Winkle Bus admits that Craig Winkle works at the West Haven site as a supervisor, but denies any and all remaining allegations in paragraph 6.

7.  Winkle Bus admits that Craig Winkle is a citizen of the United States and a resident of the State of Connecticut.

8.  Paragraph 8 states legal conclusions to which no answer is required. Without waiving the fact that no answer is required, Winkle Bus denies the allegations in paragraph 8.

9.  Winkle Bus admits that the Plaintiff alleges conduct that occurred in Connecticut, that Winkle Bus Company has its principal office in Connecticut, that the Plaintiff worked for Winkle Bus Company in Connecticut, and that its employment records are maintained in Connecticut. The remaining allegations of paragraph 9 state legal conclusions to which no answer is required. Without waiving the fact that no answer is required, Winkle Bus denies any and all remaining allegations in paragraph 9.

## **PROCEDURAL HISTORY**

10. Denied.

11. Winkle Bus admits only that on or about June 26, 2002, the Plaintiff filed a charge with the Connecticut Commission on Human Rights & Opportunities alleging discrimination. Winkle Bus denies that these charges were filed within 180 days of the acts complained of, and denies that the Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about June 26, 2002.

12. As to the allegations set forth in paragraph 12, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

13. As to the allegations set forth in paragraph 13, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

14. As to the allegations set forth in paragraph 14, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

## **FACTUAL BASIS OF CLAIM**

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Winkle Bus admits that the Plaintiff made written allegations against a co-worker on or about June 7, 2000, but denies any and all remaining allegations in paragraph 21.

22. Winkle Bus admits that in a written statement dated June 7, 2000, the Plaintiff alleged that a threat of physical harm had been made over the radio, but denies any and all remaining allegations in paragraph 22.

23. As to the allegations set forth in paragraph 23, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

24. As to the allegations set forth in paragraph 24, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

25. Winkle Bus admits that the Plaintiff included the allegations of paragraph 25 in a written statement dated June 7, 2000, but denies any and all remaining allegations in paragraph 25.

26. Denied.

27. Winkle Bus admits that the Plaintiff, at some point after June 7, 2000, made allegations similar to those contained in the report dated June 7, 2000 to Laurie Winkle, but denies any and all remaining allegations in paragraph 27.

28. As to the allegations set forth in paragraph 28, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

29. Admitted.

30. As to the allegations set forth in paragraph 30, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

31. As to the allegations set forth in paragraph 31, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

32. As to the allegations set forth in paragraph 32, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

33. As to the allegations set forth in paragraph 33, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

34. As to the allegations set forth in paragraph 34, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

35. As to the allegations set forth in paragraph 35, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

36. As to the allegations set forth in paragraph 36, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

37. As to the allegations set forth in paragraph 37, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

38. As to the allegations set forth in paragraph 38, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

39. As to the allegations set forth in paragraph 39, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

40. Winkle Bus admits that Craig Winkle said "Angel did the same thing once," or words of like import. As to the remaining allegations set forth in paragraph 40, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

41. As to the allegations set forth in paragraph 41, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

42. As to the allegations set forth in paragraph 42, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

43. As to the allegations set forth in paragraph 43, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

44. Denied.

45. As to the allegations set forth in paragraph 45, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

46. As to the allegations set forth in paragraph 46, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

47. Denied.

48. As to the allegations set forth in paragraph 48, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

49. As to the allegations set forth in paragraph 49, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

50. As to the allegations set forth in paragraph 50, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

51. As to the allegations set forth in paragraph 51, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

52. As to the allegations set forth in paragraph 52, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

53. As to the allegations set forth in paragraph 53, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

54. As to the allegations set forth in paragraph 54, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

55. As to the allegations set forth in paragraph 55, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

56. As to the allegations set forth in paragraph 56, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

57. Denied.

58. Winkle Bus admits that the Plaintiff raised complaints in a letter to Laurie Winkle dated July 23, 2001, but denies any and all remaining allegations in paragraph 58.

59. Denied.

60. Denied.

61. As to the allegations set forth in paragraph 61, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

62. As to the allegations set forth in paragraph 62, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

63. As to the allegations set forth in paragraph 63, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

64. As to the allegations set forth in paragraph 64, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

65. As to the allegations set forth in paragraph 65, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

66. As to the allegations set forth in paragraph 66, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

67. As to the allegations set forth in paragraph 67, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

68. As to the allegations set forth in paragraph 68, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

69. Winkle Bus admits that the Plaintiff complained on the radio about an alleged gesture. As to remaining allegations set forth in paragraph 69, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

70. As to the allegations set forth in paragraph 70, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

71. As to the allegations set forth in paragraph 71, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

72. Denied.

73. Denied.

74. As to the allegations set forth in paragraph 74, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

75. Denied.

76. Denied.

77. Winkle Bus admits that the Plaintiff did not return to work after April 9, 2002. As to the remaining allegations set forth in paragraph 77, Winkle Bus has insufficient knowledge or information to form a belief as to the truth of the allegations, and, therefore, leaves the Plaintiff to her proof.

78. Denied.

79. Denied.

80. Denied.

## COUNT ONE AS TO WINKLE BUS COMPANY
## DISCRIMINATION ON THE BASIS OF RACE
## IN VIOLATION OF TITLE VII

81. Winkle Bus's responses to paragraphs 1 through 80 are hereby incorporated and replead as if fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT TWO
## DISCRIMINATION ON THE BASIS OF RACE
## IN VIOALTION OF 42 U.S.C. 1981
## AS TO ALL DEFENDANTS

86. Winkle Bus's responses to paragraphs 1 through 80 are hereby incorporated and replead as if fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## CLAIM FOR RELIEF

Winkle Bus denies that the Plaintiff is entitled to any of the relief that she requests from the Court.

### FIRST AFFIRMATIVE DEFENSE
### (as to Count One)

Winkle Bus exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Winkle Bus to avoid harm or otherwise.

8

**SECOND AFFIRMATIVE DEFENSE**
**(as to Count One)**

The Plaintiff's claims are barred, in whole or in part, by the applicable federal and state statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**
**(as to Count One)**

The Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**
**(as to Counts One and Two)**

The Plaintiff's claims are barred by laches due to the Plaintiff's failure to raise these claims in a timely fashion and the resulting prejudice to Winkle Bus.

**FIFTH AFFIRMATIVE DEFENSE**
**(as to Counts One and Two)**

The Plaintiff has waived her claims.

DEFENDANTS,
WINKLE BUS COMPANY, LAURIE
WINKLE and CRAIG WINKLE

By /s/ Allison M. Daly
Anne Noble Walker (ct 11637)
E-mail: awalker@rc.com
Allison M. Daly (ct 23994)
E-mail: adaly@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 22nd day of December, 2003, to:

Justine FitzGerald Miller
Law Offices of Justine F. Miller
258 Church Street
P.O. Box 3261
New Haven, CT  06510

_____
Allison M. Daly